UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN FLEMING & JOY FLEMING, husband and wife and the marital community composed thereof, MIKE SMITH & DEEANNA SMITH, husband and wife, BRAD HASLAM & TAMMIE HASLAM, husband and wife and the marital community composed thereof, JEREMY GOODIN, a single man, SCOTT HEATON & JENNIFER HEATON, husband and wife and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH PICKARD & JANE DOE PICKARD, husband and wife and the marital community composed thereof, JAMES MARTYN aka JAMES A. MARTYN, aka ANTHONY J. MARTYN, aka JAMES A. MARTYNOVYCH, aka ANTHONY J. MARTYNOVYCH, aka JAMES A. MARTYNOVICH, aka ANTHONY J. MARTYNOVICH and CATHERINE A. MARTYN, husband and wife and the marital community composed thereof, and M3 HOLDINGS, LLC, a Washington State Limited Liability Company,<br><br>Defendants. | CASE NO. C07-0223-JCC<br><br>ORDER |

ORDER – 1

This matter comes before the Court on Defendant Kenneth Pickard's Motion to Dismiss (Dkt. No. 13) pursuant to Federal Rule of Civil Procedure 12(c), Defendants Anthony James Martyn and Catherine Martyn's Response joining in the motion (Dkt. No. 22), Plaintiffs' Opposition and Motion for Partial Summary Judgment (Dkt. No. 23), Defendant Pickard's Reply (Dkt. No. 26), and Defendants Martyn's motion for sanctions (Dkt. No. 28). Having carefully considered these papers and the balance of the relevant papers on file, the Court hereby GRANTS Defendants' motion to dismiss, DISMISSES Plaintiffs' Complaint with prejudice, and rules as follows.

## I.   BACKGROUND

Between 2002 and 2005, the male Plaintiffs in this case purchased stolen firearms, fishing equipment, and other merchandise from Gary Barnes, an employee of Peterson Hardware, Inc. d/b/a Ace Hardware of Oak Harbor, Washington ("Ace Hardware"). (Compl. ¶ 9 (Dkt. No. 1 at 5).) Barnes had stolen the merchandise from his employer, Ace Hardware. (Compl. ¶¶ 9, 10 (Dkt. No. 1 at 5).) In 2005, Barnes pled guilty to theft and is now imprisoned. (Compl. ¶ 10 (Dkt. No. 1 at 5).) Also in 2005, Ace Hardware filed a civil suit in Washington State court against Barnes to recover the value of the merchandise. (*Id.*; CR 2A Stipulation (Dkt. No. 1 at 13–16).) On January 31, 2006, Ace Hardware and Barnes settled the civil suit pursuant to a Civil Rule 2A (CR 2A) Stipulation. (Dkt. No. 1 at 13–16).)

As part of the settlement agreement, Robert Barnes, Gary Barnes' father, paid Ace Hardware $50,000.00. (CR 2A Stipulation (Dkt. No. 1 at 14).) In exchange, Ace Hardware assigned to Robert Barnes "any and all claims and causes of action that it may have against any third parties *for the wrongful conversion* of those firearms and fishing gear listed as *stolen or misappropriated by the defendant* in the police report prepared in [the criminal case against Gary Barnes]." (CR 2A Stipulation ¶ 10 (Dkt. No. 1 at 15)) (emphasis added). On February 8, 2006, Robert Barnes assigned his CR 2A Stipulation rights to Defendant "Jim Martyn and/or assigns." (Martyn Assignment (Dkt. No. 1 at 17).) Defendant Martyn then assigned his assigned CR 2A rights to Defendant M3 Holdings, LLC. (M3 Assignment (Dkt. No. 1 at 18).)

ORDER – 2

On February 14, 2006, Defendant Pickard, an attorney, filed a lawsuit on behalf of M3 Holdings, LLC, against Plaintiffs in Washington State court. (M3 Complaint (Dkt. No. 1 at 19).) M3 Holdings, LLC seeks damages from Plaintiffs on claims of conversion, constructive trust, unjust enrichment, and violation of the Criminal Profiteering Act, based on the Plaintiffs' purchases from Barnes of the stolen merchandise. (*Id.*)

In February 2007, Plaintiffs filed the instant lawsuit against Defendants Pickard, Martyn, and M3 Holdings, LLC. (Compl. (Dkt. 1).) Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692a, *et seq.*, the Washington State Collection Agency Act (WCAA), WASH. REV. CODE § 19.16.100 *et seq.*, and the Washington State Consumer Protection Act (CPA), WASH. REV. CODE § 19.86. (Compl. ¶¶ 17–21 (Dkt. No. 1 at 9–11).) Defendants moved for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that Plaintiffs' claims under the FDCPA cannot stand given the facts alleged in the Complaint. (Def.'s Mot. 2 (Dkt. No. 13).) Specifically, Defendants argue, Plaintiffs are not "consumers," no "debt" was created, and Defendants are not "debt collectors" within the meaning of the FDCPA. (*Id.*) Further, Defendants argue, without the federal claim, the Court should dismiss the remaining supplemental state law claims under the WCAA and CPA.

## II.   APPLICABLE STANDARD

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "[J]udgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Further, in its review of the Complaint for Rule 12(c) purposes, the Court may consider documents that are attached to the Complaint. FED. R. CIV. P. 10 ("A copy of any

ORDER – 3

written instrument which is an exhibit to a pleading is a part thereof for all purposes.")

**III.   ANALYSIS**

    **A.   The FDCPA Claims**

Defendants argue as a threshold matter that Plaintiffs' claims under the FDCPA cannot stand because there is no "debt" in this case within the meaning of the statute, and therefore there can be no violation of the statute's prohibition on certain enumerated debt collection practices. (Def.'s Mot. 7 (Dkt. No. 13).) The FDCPA was enacted to protect consumers from "abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692(e). "[B]ecause not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004). Whether an obligation is a "debt" within the meaning of the statute is "a question of law for the Court's determination." *Betts v. Equifax Credit Info. Serv., Inc.*, 245 F. Supp. 2d 1130, 1132 (W.D. Wash. 2003).

The statute defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(1)(5). The statute does not define the term "transaction," however, the Ninth Circuit has held that "at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." *Turner*, 362 F.3d at 1227.

As such, an obligation to pay that arises from theft has been found not to constitute a "debt" under the statute. *See, e.g.*, *Shorts v. Palmer*, 155 F.R.D. 172, 175–76 (S.D. Ohio 1994) (an obligation to pay for shoplifted cigars was not a debt under the FDCPA); *Coretti v. Lefkowitz*, 965 F. Supp. 3, 5 (D. Conn. 1997) (an obligation to pay for illegally obtained cable services was not a debt); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1326 (7th Cir. 1997) ("[A]lthough a thief

ORDER – 4

undoubtedly has an obligation to pay for the goods or services he steals, the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services."). Additionally, the Ninth Circuit has held that the FDCPA does not apply where a defendant attempts to collect damages for commercial torts. *Turner*, 362 F.3d at 1228 (adopting the Eleventh Circuit's conclusion that a tort judgment does not constitute a debt); c*f. Hansen v. Ticket Track, Inc.*, 280 F. Supp. 2d 1196, 1203 (W.D. Wash. 2003) (finding that where a defendant always treated the plaintiffs' obligations to pay as contractual, rather than tortious, the obligation was a "debt" within the meaning of the statute).

In the instant case, Plaintiffs' alleged obligation to pay arises from alleged tort liability stemming from the theft of goods, not from consensual business transactions. This is evidenced by the fact that Defendant M3 Holdings, LLC sued Plaintiffs in state court for damages based on the tort of wrongful conversion of stolen merchandise from Ace Hardware. (M3 Compl. (Dkt. No. 1 at 19).) Defendant M3 Holdings, LLC had the express right, by assignment, to sue Plaintiffs in Ace Hardware's stead only on the basis of "wrongful conversion" of the merchandise "stolen or misappropriated" by Gary Barnes. (CR 2A Stipulation ¶ 10 (Dkt. No. 1 at 15).) Defendants have treated Plaintiffs' obligation to pay as arising from tort liability based on the wrongful conversion of stolen merchandise, and sought damages. Therefore, Defendants did not seek to collect a "debt" within the meaning of the FDCPA. *Cf. Hansen*, 280 F.Supp. 2d at 1203 ("If Ticket Track considered the acts of the plaintiffs to be a 'theft of services,' there would be no 'debt' to be collected; instead, 'damages' would be claimed.") Without a "debt," the FDCPA claim must be dismissed.

Plaintiffs argue that judgment on the pleadings is not proper because Plaintiffs purchased the merchandise from Gary Barnes while Barnes was acting with the apparent authority of Ace Hardware, thereby binding Ace Hardware to the transactions and making such transactions consensual. (Pls.' Opposition 5 (Dkt. No. 23).) Defendants point out that Plaintiffs' Opposition papers were untimely filed and their argument should not be considered. (Def.'s Reply 3 (Dkt. No. 26).)  However, even addressing

ORDER – 5

the arguments contained in Plaintiffs' Opposition, the Court is not persuaded that there is a "debt" within the meaning of the FDCPA in this case. The resolution of whether Barnes was acting with apparent authority in selling the stolen merchandise to Plaintiffs cannot change the fact that Defendants sought to recover damages for tortious conversion, not to collect on a debt. As the Third Circuit has said, "nothing in the statute or the legislative history leads us to believe that Congress intended to equate asserted tort liability with asserted consumer debt." *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168 (3d Cir. 1987). Accordingly, there is no "debt" within the meaning of the FDCPA and the claims brought thereunder must fail.

### B. The Remaining State Law Claims

Plaintiffs concede that if there are no valid FDCPA claims, then this Court should dismiss the remaining state law claims under the WCAA and the CPA. (Pls.' Opposition 1 (Dkt. No. 23).) The district court is authorized to "decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Plaintiffs' federal claims, the Court declines to exercise jurisdiction over Plaintiffs' claims under the WCAA and CPA.

### C. Defendants James and Catherine Martyn's Motion for Sanctions

Defendants James Martyn and Catherine Martyn request that the Court impose sanctions against Plaintiffs, in part, for bringing this suit where "there is no factual basis for the existence of a consumer transaction to support their FDCPA claim." (Mot. for Sanctions 3 (Dkt. No. 28).) Sanctions are within the Court's discretion. FED. R. CIV. P. 11(c). The Court declines to impose sanctions upon Plaintiffs for bringing their claims in this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Dkt. No. 13). Plaintiffs' Complaint is DISMISSED with prejudice. The court DENIES Defendants James and Catherine Martyn's Motion for Sanctions (Dkt. No. 28). The remaining pending motions in this case

ORDER – 6

1  (Dkt. Nos. 16, 19, 23) are STRICKEN as moot. The Clerk is DIRECTED to CLOSE this case.

       SO ORDERED this 22nd day of October, 2007.

                                        ␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
                                        JOHN C. COUGHENOUR
                                        UNITED STATES DISTRICT JUDGE

26  ORDER – 7